UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61902-CIV-COHN/Seltzer

MAX GOLDWEBER,

    Plaintiff,

vs.

HARMONY PARTNERS, LTD. et al,

    Defendants.
_____/

### ORDER GRANTING MOTION TO DETERMINE REPRESENTATION AND PAYMENT OF ATTORNEY FEES
### ORDER DENYING MOTION TO ABATE OR STAY
### ORDER EXPEDITING RESPONSE TO RENEWED MOTION

**THIS CAUSE** is before the Court upon Defendants' Motion to Determine Representation, Payment of Attorney Fees and Motion to Abate and Stay [DE 55] ("Motion") and Defendants' Renewed Motion to Abate and Stay Discovery, Motion to Strike the Plaintiff's Notices of Deposition [DE 56] ("Renewed Motion"). The Court has carefully considered the motions and notes that lack of any timely opposition to the initial Motion by the deadline of July 16, 2010.

On June 29, 2010, Defendants filed the Motion for "the Court to declare that the Law Firm of Allan M. Lerner may continue its representation of the Defendants including the Partnership as no present conflict of interest exists and that Defendants may continue to pay the fees and expenses of the Defendants for this litigation and Partnership matters from the funds of the Partnership." Motion at p. 10. The Motion also requests that the Court stay this action pending the Court's ruling to avoid prejudice to the Defendants. Because the Motion indicated that the issue was

unresolved after communications with opposing counsel, the Court waited to rule upon the Motion until the time for filing a response had passed.[1]

The Court will grant the initial Motion by default. Upon the Court's initial review of the Motion, Defendants have at least presented a sufficient prima facie case that representation by Defendants' counsel of both the partnership and the individual general partners does not present a conflict of interest, and that payment of counsel's fees from partnership assets is not improper. Defendants correctly point out that this lawsuit is filed individually by Plaintiff Max Goldweber, a limited partner in the partnership, and is not brought as a derivative action.

As to the other requested relief of abating and staying the case, the Court notes that because fact discovery closed on June 25, 2010, and expert discovery closed on July 9, 2010, there would appear not to be prejudice to Defendants if no stay of this case is entered.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Determine Representation, Payment of Attorney Fees is hereby **GRANTED**;

2. Defendants' Motion to Abate and Stay [DE 55] is hereby **DENIED**;

3. Plaintiff shall file an expedited response to Defendants' Renewed Motion to Abate and Stay Discovery, Motion to Strike the Plaintiff's Notices of Deposition [DE 56] by July 27, 2010 (only two days prior to the present deadline of July 29,

---

[1] On July 12, 2010, Defendants filed a "Renewed Motion to Abate and Stay Discovery, Motion to Strike the Plaintiff's Notices of Deposition." The Court will expedite a response to this motion.

2010).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of July, 2010.

_____
JAMES I. COHN
United States District Judge

copies to counsel on CM/ECF